UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT POIRSON,<br><br>        Plaintiff,<br><br>    v.<br><br>METAMAP, et al.,<br><br>        Defendants. | Case No. 22-cv-01971-VC<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 31, 49 |

    MetaMap's motion for summary judgment is denied. This order assumes the reader's familiarity with the facts of the case, the relevant law, and the parties' arguments.

    MetaMap has come nowhere close to demonstrating that no material factual dispute exists in this case. In fact, the evidence as to Count 3 cuts so strongly in Poirson's favor that the Court considered granting summary judgment *sua sponte* in his favor (although in an abundance of caution it will refrain from doing so). As discussed at the hearing, this appears to be a classic case of mutual mistake. While Poirson's consulting agreement did not contain an equity clause, there is strong evidence that both parties intended for it to be in there, and that the so-called "Forged Agreement" was not a new agreement requiring additional consideration but rather the parties' attempt to memorialize in writing the correct terms of their agreement.

    Indeed, in response to Poirson's email regarding the absence of the clause, Przetakiewicz did not hesitate to acknowledge that Poirson had been granted equity upon being hired and directed him to the company's lawyer to correct the issue. *See* Dkt. No. 51-7 ("You have an agreement that you can purchase up to 0.3% of shares in the company."). In WhatsApp messages between Przetakiewicz and Poirson shortly after Poirson's termination, Przetakiewicz reassured

Poirson: "you're a part owner of mati, and that share will be worth something nice one day. We will crush it in this market[.]" Dkt. No. 51-6.

As to Counts 1 and 2, MetaMap's Rule 30(b)(6) witness, Meghna Mann, testified that the convertible promissory note program was replaced with an options program that was orally conveyed to (and orally accepted by) employees, including Poirson. But the evidence for MetaMap's position is weak, and ample evidence supports Poirson's position. Aside from Mann's testimony, it appears that MetaMap's only evidence of the options program is its capitalization table—a document the company uses to keep track of its equity distribution—which reflects that employees were to be granted options at a 3x multiplier rather than converted shares at a 4x multiplier.

By contrast, the evidence in Poirson's favor includes the written promissory note itself, an email from the company's attorney explaining and attaching the promissory note, and a video recording of Przetakiewicz explaining the promissory note program to the company's employees. It's true that Poirson never signed the promissory note because he had questions that went unanswered about how the principal was calculated—that is, whether it should have been based on his gross rather than net income and whether it should have accounted for three rather than two months' worth of work. But there is at least a genuine dispute as to whether Poirson's performance for three months without pay constituted acceptance of MetaMap's offer, the revocation of which—supposedly by way of an offer to compensate in options instead—is itself a disputed fact.

**IT IS SO ORDERED.**

Dated: April 27, 2023

_____
VINCE CHHABRIA
United States District Judge